IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARITY BIGGINS,
    *Plaintiff*,

v.

IUPAT BUILDING CORPORATION, LLC d/b/a INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, *et al* .
    *Defendants*.

Civil Action No. ELH-21-2874

**MEMORANDUM**

In this employment discrimination case, plaintiff Charity Biggins brought suit against defendant "IUPAT Building Corporation, LLC d/b/a International Union of Painters and Allied Trades, AFL-CIO" ("IUPAT"). ECF 1 (the "Complaint"). In an eleven-count complaint, Biggins lodged claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq.*; and Title 20 of the Maryland Fair Employment Practices Act, Md. Code (2021 Repl. Vol.), § 20-601 *et seq.* of the State Government Article. The Complaint is supported by two exhibits. ECF 1-1; ECF 1-2.

IUPAT moved to dismiss the Complaint on the ground that it is not plaintiff's employer. ECF 3 (the "Motion to Dismiss"). Plaintiff opposed the Motion to Dismiss. ECF 8. And, defendant replied. ECF 11.

Thereafter, on January 10, 2022, plaintiff amended her Complaint, as a matter of right. ECF 10 (the "Amended Complaint"); *see* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend a pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b)). Notably, in the Amended Complaint, plaintiff named IUPAT and the International Union

of Painters and Allied Trades, AFL-CIO (the "Union") as defendants. *Id.* Summons has not yet been issued as to the Union.

As a result of the filing of the Amended Complaint, the Motion to Dismiss is rendered moot. This is because an amended pleading replaces and supersedes the original pleading, to which the motion was directed. *See*, *e.g.*, *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v.City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Therefore, I shall deny the Motion to Dismiss, as moot.

Further, on January 11, 2022, plaintiff filed a motion for leave to amend her complaint a second time. ECF 12 (the "Motion to Amend"). In compliance with Local Rule 103.6(c), Biggins submitted clean (ECF 12-1) and red-lined (ECF 12-2) versions of her proposed Second Amended Complaint.

The Motion to Amend states: "Since filing the First Amended Complaint and opposing [the Motion to Dismiss], Biggins has determined through investigation that her employment discrimination claims lie only against [the Union], the employer for whom she has worked since approximately June 2003." *Id.* at 1. In addition, plaintiff avers that she has determined, "based on her present allegations," that she has two claims against the Union arising under 42 U.S.C. § 1981. *Id.* Consistent with the Motion to Amend, the proposed Second Amended Complaint reflects that Biggins seeks to remove IUPAT as a defendant in this suit and to assert two additional claims as to the Union under 42 U.S.C. § 1981. *See* ECF 12-1. IUPAT has not responded to the Motion to Amend. Moreover, because the Union has yet to be served with notice of plaintiff's suit, it has not responded to the Motion to Amend.

Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "[L]eave should be granted absent some reason 'such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Under the liberal amendment standard, there is no basis to deny the Motion to Amend.  Neither undue delay nor futility apply in this case.  There is no reason to believe that the proposed amendment is the result of bad faith on the part of Biggins.  And, granting the Motion to Amend would not be prejudicial to the interests of the Union.  Therefore, I shall grant the Motion to Amend.  And, IUPAT shall be dismissed from the suit.

However, as mentioned, it appears that the Union has not yet been served.  Accordingly, Biggins shall provide the Clerk with a completed summons form for the Union.  The Clerk shall then issue summons and return same to plaintiff.  And, Biggins shall effect service on the Union within ninety days of the docketing of the Second Amended Complaint, in accordance with Fed. R. Civ. P. 4(m).

An Order follows.

Date: February 23, 2022                              /s/
                                                  Ellen L. Hollander
                                                  United States District Judge